JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN 22 1980

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIRLINE "AGE OF EMPLOYEE"      )      DOCKET NO. 399
EMPLOYMENT PRACTICES LITIGATION      )

OPINION AND ORDER

BEFORE MURRAY I. GURFEIN*, CHAIRMAN, AND ANDREW A. CAFFREY,
ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP, AND
ROBERT H. SCHNACKE, JUDGES OF THE PANEL.

PER CURIAM

    This litigation presently consists of twelve actions
pending in three districts:  nine actions in the Northern
District of Illinois, two actions in the Southern District
of New York, and one action in the District of Minnesota.

    In April, 1978, Congress amended the Age Discrimination
in Employment Act (ADEA), 29 U.S.C. §1621 et seq., and thereby
deleted the provision which exempted from the Act's pro-
hibition the involuntary retirement of persons before age
65 pursuant to a bona fide pension plan.  Apparently, prior
to that time in the airline industry, all flight deck crew
members (captain, first officer and second officer) had been
retired under such pension plans.  In addition, federal air
regulations specifically prohibit an air carrier from per-
mitting anyone who reaches 60 years of age from serving as
a captain or first officer.  With the passage of the 1978

*Judge Gurfein took no part in the decision of this matter.

FPI--MAR—3-27-79-6M-1781

amendment to ADEA, a number of captains past the age of 60, disqualified by reason of their age from continuing in their position as captains, sought to transfer to jobs as second officers (also known as flight engineers) or positions as check airmen and flight instructors.   The denial of these requests by defendant airlines has spawned nine of the twelve actions in this litigation.

Five of these nine actions have been brought in the Northern District of Illinois by former captains against Northwest Airlines, Inc. (Northwest), Continental Airlines, Inc. (Continental), Eastern Air Lines, Inc. (Eastern), United Air Lines, Inc. (United), and Braniff Airways, Inc. (Braniff), respectively.   The respective plaintiffs in each of these five actions were formerly employed by the respective defendant in that action.   In each action, plaintiffs allege, <u>inter alia</u>, that the particular defendant airline permitted captains under age 60 to work as flight engineers after having been captains or first officers; that the defendant airline did not require flight engineers to work in the first officer or captain positions as soon as they were entitled to do so; that other air carriers employed flight engineers past the age of 60; that the airline was a member of the Air Transport Association (ATA), a group that opposes employment of flight deck crew members beyond age 60; and that the  defendant airline had violated ADEA by refusing to continue plaintiffs' employment beyond age 60, for which plaintiffs are entitled to damages and injunctive relief.   In two more actions, one

brought against American Airlines, Inc., (American) by former
American captains in the Northern District of Illinois and
one brought against Trans World Air Lines, Inc., (TWA) by
former TWA captains in the Southern District of New York,[1]/
similar allegations are raised with the additional allegation
that American and TWA employed flight engineers who were
past the age of 60.  In the eighth action, brought against
Western Air Lines, Inc., (Western) by a Western captain in
the Northern District of Illinois, the plaintiff briefly
alleges that Western equivocated with respect to plaintiff's
request to continue employment beyond age 60, and then finally
denied the request in violation of ADEA.  The ninth action
is brought in the District of Minnesota by Northwest against
the Secretary of Labor, the Airline Pilot Association (ALPA)
and the pilots who are plaintiffs in the action brought in
the Northern District of Illinois against Northwest.  Northwest
brings the action against defendants as individuals and as
representatives of a class of all pilots employed by Northwest
at any time on or after April 6, 1978.  Northwest seeks a
judicial declaration that age less than 60 is a bona fide
occupational qualification for Northwest pilot employees
(including second officers) and that Northwest has not violated
ADEA.

1/  This action was filed originally in the Northern District
of Illinois and, on August 4, 1979, was transferred to the
Southern District of New York pursuant to 28 U.S.C. §1404.
Motions for change of venue have also been filed in the actions
in the Northern District of Illinois brought against American,
Eastern, Braniff, Northwest and Continental.

Two of the remaining three actions in this litigation are brought in the Northern District of Illinois by flight engineers against United and Braniff, respectively.  Plaintiffs claim that United and Braniff, by refusing to continue the employment of flight engineers beyond age 60, have violated ADEA.

The last action in this litigation is brought by ALPA against TWA in the Southern District of New York.  ALPA seeks to enjoin TWA from permitting its flight deck crew members from working past the age of 60.  Plaintiffs in the other action brought against TWA have intervened in this action.  ALPA, in addition to the action brought by Northwest in the District of Minnesota, is also a defendant or counterclaim defendant in the two actions brought against Braniff, the action brought by captains against TWA, the action brought against Northwest, and the two actions brought against United.  Generally, ALPA is alleged to have taken action to oppose the employment of flight deck crew members beyond the age of 60 in violation of ADEA.

On August 7, 1979, the judge then assigned the Illinois actions denied a motion of the plaintiff airline employees in those actions to consolidate those actions pursuant to Rule 42, Fed. R. Civ. P., holding in part as follows:

> After reviewing the pleadings in all these cases and the memoranda submitted by the parties, we conclude that plaintiffs have not met their burden of showing that common questions of law or fact so predominate the actions that a consolidated trial would promote judicial economy.

Thurston v. Trans World Air Lines, Inc., No. 78 C4507, slip
op. at 4 (N.D. Ill. August 7, 1979).

Presently before the Panel is a motion, pursuant to
28 U.S.C. §1407, to centralize all actions in this litigation
in the Northern District of Illinois for coordinated or con-
solidated pretrial proceedings.  Movants are the airline
employee parties who, taken together, are plaintiffs, de-
fendants or intervenors in the twelve actions.  All airline
parties and ALPA oppose transfer.

We conclude that these questions raise insufficient
common questions of fact and that transfer under Section
1407 would not serve the convenience of the parties and
witnesses or promote the just and efficient conduct of this
litigation.  Accordingly, we deny the motion to transfer.

Movants argue that the allegations and defenses in
each action are substantially identical, namely, that the
airlines and ALPA have violated ADEA; that age is a bona
fide occupational qualification reasonably necessary to the
normal operation of the business of commercial air trans-
portation; and that failure to continue employment beyond
age 60 was based on reasonable factors other than age.  Movants
urge that each action will involve extensive common discovery
regarding 1) the practices and procedures of all the airlines
(relevant to the issue of whether a particular defendant
airline's procedures were reasonably necessary to operation
of the defendant's business), and 2) the conduct and activities
of ATA.  Furthermore, movants assert that in all but three

actions (the two New York actions and one of the Illinois actions) the "bona fide occupational qualification" medical issue will be a primary issue and will require extensive discovery of experts in gerontology, aerospace medicine, cardiology and psychology.  Movants also argue that ALPA is a common party to eight of the actions and that the questions involving ALPA will be nearly identical in all eight of those actions.  Movants thus urge that transfer under Section 1407 is necessary in order to avoid duplicative discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

We find these arguments unpersuasive.  Employment practices of eight different airlines are involved in this litigation and it appears, on the basis of the record before us, that the principal factual issues will be different as to each airline.  We observe that no more than one airline is a party to each action; that no airline is a party to more than two actions; that no industry-wide contract is involved; and that each airline will have unique defenses arising out of its labor relations with its flight deck crew members and its own views as to what constitutes safe operating procedures.  The mere fact that plaintiff airline employees are represented by ALPA does not mean that identical contracts and policies are  involved.  Opponents to transfer have noted, for example, that the Eastern/ALPA contract prohibits captains from down-bidding for first officer or second officer positions, while the Northwest/ALPA contract permits such a practice.

Thus even with respect to ALPA, it is likely that discovery in each action to which ALPA is a party will focus on the individual ALPA member union associated with each carrier. We also observe that the bona fide occupational qualification defense is not common to all actions; that some airlines have "up or out" policies requiring flight engineers to advance to first officer and captain positions or be terminated, while other airlines do not have such a policy; that the action against Western involves a plaintiff retired before the 1978 amendment to ADEA; that some airlines retire all flight deck crew members at age 60 while other airlines do not; and that the relevant airline records and witnesses in each action will be found only at the particular airline party's offices.  As a result of all these factors, we conclude that individual, rather than common, factual questions will predominate in this litigation, and that common questions, to the extent any exist among these actions, will be mainly legal questions concerning the applicability of ADEA to airline flight deck crew members.  Under these circumstances, movants have not demonstrated that the criteria for transfer under Section 1407 have been satisfied.  See In re Environmental Protection Agency Pesticide Listing Confidentiality Litigation, 434 F. Supp. 1235, 1236 (J.P.M.L. 1977); In re Natural Gas Liquids Regulation Litigation, 434 F. Supp. 665, 667-68 (J.P.M.L. 1977).

IT IS THEREFORE ORDERED that the motion to transfer the actions listed on the following Schedule A be, and the same hereby is, DENIED.

SCHEDULE A
MDL-399

| NORTHERN DISTRICT OF ILLINOIS | Civil Action No. |
|---|---|
| Gerry W. Monroe, et al. v. United Air Lines, Inc. | 79 C 360 |
| Maurice Keating, Jr. v. Western Air Lines, Inc. | 79 C 1019 |
| Daniel F. Neuman, et al. v. Northwest Airlines, Inc., et al. | 79 C 1570 |
| Eugene W. Garges, Jr., etc. v. Eastern Air Lines, Inc. | 79 C 1571 |
| Lee F. Higman, et al. v. United Air Lines, Inc. | 79 C 1572 |
| Michael R. Ferrara, etc. v. Braniff Airways, Inc., et al. | 79 C 1573 |
| Tom H. Frye, etc. v. Braniff Airways, Inc., et al. | 79 C 1574 |
| Daniel Gray, et al. v. Continental Airlines, Inc. | 79 C 2692 |
| C. R. Johnson, et al. v. American Airlines, Inc. | 79 C 2693 |

| DISTRICT OF MINNESOTA | |
|---|---|
| Northwest Airlines, Inc. v. Daniel Neuman, et al. | 4-79-112 |

| SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| Air Line Pilots Association, International v. Trans World Air Lines, Inc., et al. | 78 Civ 3707 |
| Harold H. Thurston, et al. v. Trans World Air Lines, Inc., et al. | 79 Civ 4915 |